### No. 297
### LEVIN v. FRITCH
#### No. 18972. Supreme Court

Motion to direct Hamilton Appeals to certify. Doc. Feb. 21, 1925, 3 Abs. 130.

1193. TRESPASS—Can a person not holding adversely or as of right, trespass on the property leased to another, and prevent him from occupying business, without answering in damages for the injury done?

114. ATTORNEY AND CLIENT—Can fees of attorney in detainer case brought under this lease by the lessee, be included in damages?

The question in this case involve those of damages and of interfering with a man's possession of business property, whereby he is unable to conduct his business.

Abe Levin leased a building containing two stores and the second floor of the building for the purpose of conducting a furniture business. He entered into possession of a part of the premises on April 1st, 1922, and attempted to get the place in shape so that he could be ready for business on May 1, 1922.

Fritch was a former tenant whose lease expired March 31, 1922. He held over from March 31, until April 30, 1922. On May 1st he refused to vacate although duly served with legal notice. May 2nd forcible entry and detainer proceedings were instituted; and judgment found Fritch guilty and a writ of restitution was issued.

Fritch, by some means, did not vacate until June 3rd; and in the meantime Levin's business was completely stopped and the furniture was stacked each piece on another, so that it could not be shown, nor could anybody get in or out to do business. Part of the furniture remained in the street.

Fritch had conducted a pool room and restaurant in the part formerly occupied by him, said business being operated 24 hours a day. Levin was thus prevented from tearing out the partition so as to remodel his store room making it fit for his purpose. Levin sued for $1050, in the Hamilton Common Pleas, and judgment was there rendered in favor of Levin.

(Continued on Page 190)

## FEDERAL OPINIONS
### Epitomized Cases

### U. S. COURT OF APPEALS

No. 298

NAPIER v. N. W. OHIO RY. & POWER CO.

U. S. Appeals, 6th Circuit

No. 4073. Decided Dec. 6, 1924.

**225. CHARGE TO JURY**—Refusal to charge; railroad was required to use greater care when view was obstructed held to be prejudical error.

**829. NEGLIGENCE**—Railway Co. should exercise greater care when nearing crossing, the sight of which is obstructed by shrubbery, bushes, trees, etc.

PER CURIAM.

On August 16, 1920, an automobile in which Charles Napier, husband of Bessie Napier, was riding was struck by an interurban car. The car was owned by Napier and driven by his son, Orris, both of whom were instantly killed. Bessie Napier, as administratrix of her husband's estate, brought action in the District Court to recover damages for the wrongful death of her husband, which she averred in her petition was caused by the negligence of the Northwestern Ohio Ry. & Power Co. The answer of the Railway Co. denied negligence and alleged that the accident occured solely because the occupants of the automobile did not stop, look, or listen. A reply denied negligence on part of Charles and Orris Napier. A verdict was returned in favor of the Railway Co.

Error was prosecuted to the Circuit Court of Appeals and Napier contended that the Railway Co. had negligently allowed the growth of shrubbery and weeds close to the tracks so that it obstructed the view of its right of way, making it impossible for persons approaching the crossing to see the car coming in time to avoid a collision.

The circuit court of appeals held:

1. Charge of district court stating that the "Company is not responsible for the bushes or trees or obstructions which grow up or are not upon its own right of way, but upon lands of others," was erroneous.

2. Charge of the court to the effect that greater care devolved upon the decedent because of the growth of bushes in the right of way, and refusal to charge that the Railway Co. should have exercised a greater degree of care on nearing the crossing, was prejudical to the rights of Napier.

Judgment of district court reversed and case remanded.

Attorneys—Ritter & Schmink, Toledo, and John F. McCrystal, Sandusky, for Napier; True and Crawford, Port Clinton, for Railway Co.

The Court of Appeals ruled that as Levin had not gone into possession of that part of the property he could not recover and the case was reversed.

The questions involved are:

1. Whether a person not holding adversely or under a color of right, may trespass on the property leased to another and prevent him from entering and conducting business without answering in damages for the injury done?

2. Can attorney's fees for service rendered in the forcible entry and detainer case, including advice of attorney given to client as to rights under the lease, be got as damages?

Attorneys—Harry Hess for Levin; H. E. Englehardt, for Fritch; both of Cincinnati.

### VIEWPOINTS

In this issue are several decisions as to matters of practice the lawyer should impress upon the tablet of his memory. One of them, in Arthur v. O'Marr, page 179, is that when an estate is sued, the fact that the claim has been allowed or rejected should be plead. Another is, that in pleading over after demurrer sustained, alleged errors in the original ruling may be waived. Bingham v. Nypano, page 185.

Presumably the longest syllabus on record appears in the McKenzie Lumber case, page 185, herein. With some difficulty we have succeeded in indexing each statement to a short, pertinent, digest paragraph.

The case of McLean v. Toledo Terminal Co., page 178 herein, presents three points worthy of remembrance by all lawyers not familiar with them: 1. Doctrine of imputed negligence does not here exist, 2. The Scintilla rule does, and 3. Question of contributory negligence is for the jury to decide.

The Pending Cases, pages 187, 188, raise some nice questions of practice, the final decisions of which, will undoubtedly establish precedents that should be remembered by attorneys.

Demurrer to an answer, may raise an interesting question as to the petition, or amended petition. See State v. Lucas Co., Page 182.

Next week's Abstract will be the first issue of April, and it will contain the monthly Digest, covering all the opinions published in the four March numbers, together with the Concordance and Code Notes for March cases. This cumulative monthly publication enables searches for authority upon desired points to be made more easily than to go through the separate weekly issues in a hunt for them. It should be remembered that the Cumulated Digest and Table of Cases for each month will always be found in the first issue of the following month.

